CITY OF LINDEN, A MUNICIPAL CORPORATION IN THE COUNTY OF UNION, STATE OF NEW JERSEY, PROSECUTOR, v. FRANK L. CLEARY, JUDGE OF THE UNION COUNTY CIRCUIT COURT, ET AL., DEFENDANTS.

Decided April 27, 1933.

Before Justices PARKER, LLOYD and HEHER

For the prosecutor, *Whittemore & McLean.*

For the defendants, *Harry J. Weiner* and *Merritt Lane.*

PER CURIAM.

This is a general assessment case in which a number of land owners, pursuant to the statute, appealed to the Circuit Court, there was a full and ample hearing, and the judge, after considering the evidence, and having made a personal inspection of the *locus in quo,* made substantial cuts in the assessment. The burden of the *certiorari* is that he was wrong in so doing; that the assessment as reported by the assessment commissioners should not be changed unless there is adequate proof that the assessment commissioners went wrong, and that there is no such proof; also that even as a matter of weight of evidence, the finding of the judge is against it.

The situation in the present case is simple enough. There was a widening and repaving of a street called Wood avenue. There was a contract between the borough and the county, as the street was accredited as a county road. In connection with the repaving, which involved tearing out a worn out brick pavement and substituting a new one, there were also sewer connections and water connections in many cases, but not all. Counsel have not furnished us with any table showing the changes in parallel column. However, by comparing items in the assessment table and in the judge's order, we find that he did not interfere with the sewer assessment or the water connections, and confined the changes to the assessment for paving. Roughly speaking, he cut it down fifty per cent. He filed no opinion for our guidance but we make out from the briefs that his general view was in effect that a widening of the roadway at the expense of the sidewalk on each side was quite unnecessary and not only conferred no benefit upon the abutting properties, but in some cases actually caused injury by restricting the sidewalk space used by pedestrians, and moreover, that the widening was partly for the purpose of affording parking space for automobiles which would block up the access to stores and business places, and in that way interfere with their business, and that as a result the abutting owners were charged to some extent for the cost of doing an injury to their property by restricting the access to their places of business.

In addition to this, the assessment is avowedly and actually on a pure front foot basis. This in itself may be a minor detail and not enough to invalidate the assessment, but is of importance in considering the question how the commissioners did their work. We recognize the rule that a front foot scheme will not invalidate an assessment, provided the conditions are such as to justify it. In the present case it may be to a certain extent justified; but apart from that, we think the circuit judge had good ground for his findings.

Our examination of the evidence satisfies us that the conclusions and findings of the circuit judge were right, and the writ will accordingly be dismissed.